### THE MYSTIC.

### FINCH v. THE LIGHTER MYSTIC.

*(District Court, S. D. New York. December 15, 1890.)*

**COLLISION—PERSONAL INJURIES—MUTUAL FAULT—PART DAMAGES.**
While the canal-boat on which the libelant lived lay moored in the slip, the bowsprit of the lighter M. approached the cabin, threatening collision. The libelant ran out to remove her child out of harm's way, and, having done so, put her hand against the end of the bowsprit, to fend it off. Her wrist was caught between the bowsprit and the cabin window frame, and was broken. *Held*, that the libelant, though chargeable with contributory negligence, could recover part of her damages, in accordance with the decision of the supreme court in the case of *The Max Morris*, 11 Sup. Ct. Rep. 29.

In Admiralty.
*Hyland & Zabriskie*, for libelant.
*Alexander Campbell*, for claimant.

BROWN, J. The libel states that, while the barge Yonkers, upon which the libelant lived, lay moored along-side the wharf, on the lower side of the slip, between piers 28 and 29, East river, bow in, the lighter Mystic, in going out of the slip, ran her bowsprit into the stern cabin of the Yonkers, and struck and broke the libelant's arm, for which recovery of damages is sought. The answer alleges that while the lighter was stuck fast between two other canal-boats, in endeavoring to get out of the slip, the Yonkers drifted down upon the bowsprit of the Mystic. The weight of proof and of probability is inconsistent with the alleged drifting down of the Yonkers upon the Mystic. All the evidence indicates that the movement of the bow of the lighter was a very gentle movement, and I have no doubt, taking all the evidence together, that it was some swing of the bow of the lighter towards the Yonkers, while her stern was moving in between the other boats, and while the lighter's men were endeavoring to make more room for her, that brought about the collision. While the lighter is therefore responsible, the damages would evidently have been but slight had not the plaintiff herself most improperly and foolishly endeavored to fend off the bowsprit by putting her hand against the end of it as it approached the cabin; the result of which was that her hand was caught between the end of the bowsprit and the frame of the cabin window, and the outer bone of her wrist broken. A few seconds previously she had seen the bowsprit approaching, as she sat in the cabin, and she ran out to rescue her child from danger, who.

was playing on the deck. The child was placed out of harm's way before the libelant put her hand on the end of the bowsprit to ward it off; so that this act does not have the justification of any necessity in order to rescue the child. Nor was it such an act as persons of ordinary prudence under such circumstances would have committed. *Collins* v. *Davidson*, 19 Fed. Rep. 86. It was really the thoughtless, instinctive act of a person seeking to avert a trifling damage, without thinking of the ineffectiveness of the attempt, or its manifest danger to herself. The libelant is therefore chargeable with contributory negligence. In accordance with the recent decision of the supreme court in the case of *The Max Morris*, 11 Sup. Ct. Rep. 29, affirming the judgment of this court, (24 Fed. Rep. 860,) the libelant, though not entitled to full damages, may yet be allowed some compensation for her actual pecuniary loss. She was incapacitated from her usual work for about three months, during which time she was obliged to procure assistance in her family duties, at the expense of board and wages. I charge to herself her pain and suffering and inconvenience, and allow her a decree for $125. This amount, though small, is much more, it must be remembered, than the ordinary damage from the collision with the Yonkers would have been.